SAMUEL VACCHIONE, PROSECUTOR, v. STATE OF NEW JERSEY, RESPONDENT.

Submitted May 15, 1936—Decided October 14, 1936.

Before Justices Parker, Lloyd and Donges.

For the prosecutor, *Joseph F. Mattice.*

For the respondent, *T. Raymond Bazley* (*Edward F. Juska,* on the brief).

Lloyd, J.  The prosecutor has a writ of *certiorari* to determine the validity of the action of Mr. Justice Perskie in dismissing a writ of *habeas corpus* to determine the validity of his commitment to the reformatory at Rahway.  The commitment reads:  The prisoner "being accordingly set to the

Bar, the Court doth thereupon order and adjudge that the prisoner Samuel Vacchione be imprisoned in the New Jersey Reformatory upon this conviction." This was on April 20th, 1934. In addition to the commitment the return disclosed minutes of the trial court showing proceedings theretofore taken in the Quarter Sessions of Monmouth county consisting of an indictment, trial and conviction of the prosecutor for receiving stolen goods, and on the same date in April, 1934, this action of the court, "the defendant having been set to the Bar for sentence it is ordered and adjudged that he be committed to the New Jersey State Reformatory for men at Rahway; sentence suspended pending decision of motion for new trial; decision to be given May 25th, 1934. The defendant enters a recognizance in the sum of $1,000 conditioned for his appearance in court when and where wanted," that there was a change of judges, and so far as appears no further action taken either by Judge Truax then presiding or Judge Knight, who later succeeded him, respecting the motion for new trial, if there was one, or subsequent sentence. It is alleged in the brief of the prosecutor and apparently assented to by the state, that on the commitment of April 20th, 1934, the sheriff took the prosecutor to Rahway and he was there committed.

No complaint is made of the form of commitment, but it is contended that the court should take cognizance of the court minutes and on them release the prisoner.

We think the writ was properly discharged. The prosecutor's imprisonment must rest on the commitment. If this does not properly represent the judgment of the court it must be corrected by direct application to that court or by appeal. *Ex parte Marlow,* 75 *N. J. L.* 400.

The order dismissing the writ of *habeas corpus* is affirmed, with costs.